IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| SHARAD TAK, <br>     Plaintiff, <br><br>        v. <br><br> JITENDRA VYAS, *et al.*, <br>     Defendants. | ) <br> ) <br> ) <br> )    Civil Action No. 2:21CV93 (RCY) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

This matter comes before the Court on Defendants' Motion to Dismiss or to Transfer Venue (ECF No. 11.) The Motion has been fully briefed, and the Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, the Court will grant in part and deny in part Defendants' Motion to Dismiss or to Transfer Venue. The Court will grant the Motion to Transfer and will deny the Motion to Dismiss.

### I. BACKGROUND[1]

Sharad Tak ("Plaintiff") created Technology Ventures, LLC, with Jitendra Vyas and Sundeep Damani ("Individual Defendants") on March 1, 1999. (Compl., ECF No. 1 at ¶ 15.) Each signed an Operating Agreement detailing their rights and obligations. (*Id*. at ¶ 17.) The purpose of the company was to provide IT consulting services. (*Id*. at ¶ 16.) Plaintiff was designated the CEO and Chairman of the Board of Managers ("the Board"). (*Id*. at ¶ 22.)

---

[1] In ruling on a motion to transfer, the Court may consider evidence outside the pleadings but still views such evidence in the light most favorable to the nonmoving party. *See Hughes v. DynCorp International, LCC,* No. 3:20cv168, 2020 WL 2201675, at *1 (E.D. Va. May 6, 2020) (citing *Sucampo Pharms., Inc. v. Astellas Pharma, Inc.*, 471 F.3d 544, 550 (4th Cir. 2006)); *Gibbs v. Rees*, No. 3:17cv386, 2018 WL 1460705, at *4 n.11 (E.D. Va. Mar. 23, 2018). As such, the Court accepts the substance of Plaintiff's complaint for purposes of background . *Hughes*, 2020 WL 2201675 at *1.

Defendant Vyas was designated President, and Defendant Damani was designated Chief Operating Officer. (*Id*. at ¶ 22.)  The Individual Defendants were also designated as members of the Board. (*Id*.)

The Operating Agreement calls for management of the company's day to day activities to be conducted by meetings and votes. (*Id*. at ¶ 19). Each manager is entitled to advanced notice of any meeting, and each manager is to be given written notice of decisions within ten days of each decision. (*Id*.)  The Board determines distributions and officer salaries. (*Id*. at ¶¶ 20, 36.)

Plaintiff alleges that the Individual Defendants have not provided him with advanced notice of meetings and have not provided him with written notice of decisions. (*Id*. at ¶¶ 33, 35.) Furthermore, Plaintiff alleges that Individual Defendants have unilaterally decided to charge consulting fees to Stream, LLC, and Foxhall Ventures, LLC ("Business Defendants"), which are controlled by the Individual Defendants, as a way to supplement their salaries and avoid making distributions. (*Id.* at ¶ 37.)

Plaintiff currently resides in Florida. (*Id*. at ¶ 2.)  Defendants Vyas and Damani are residents of Fairfax, Virginia. (Mem. Supp., ECF No. 12 at 5.)  Business Defendants are both headquartered in Fairfax County, and neither has offices or employees in the counties that make up the Norfolk Division of the Eastern District of Virginia. (*Id*. at 6.)

## II. PROCEDURAL HISTORY

On February 12, 2021, Plaintiff filed a Complaint (ECF No. 1) in the District Court for the Eastern District of Virginia, in the Norfolk Division, against the Individual Defendants and the Business Defendants. Defendants filed a Motion to Dismiss or Transfer Venue (ECF No. 11) and a Memorandum in Support (ECF No. 12) on March 16, 2021.  Defendants seek to dismiss the complaint for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or to

transfer this action to the Alexandria Division. Plaintiff filed a Response in Opposition (ECF No. 14) on March 30, 2021. Defendants filed a Reply (ECF No. 15) on April 2, 2021.

### III. STANDARDS OF REVIEW

Whether venue is proper is determined by 28 U.S.C. § 1391 ("§ 1391") as modified by the Eastern District of Virginia's Local Rule 3(C) ("Local Rule 3(C)"). Local Rule 3(C) states that "28 U.S.C. § 1391 *et seq.* shall be construed as if the 'judicial district' and 'district' were replaced with the term 'division.'" E.D. Va. Loc. R. 3(C). As such, § 1391(b) should be read as:

> A civil action may be brought in – (1) a [division] where any defendant resides, if all defendants reside in the same State, (2) a [division] in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a [division] in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no [division] in which the action may otherwise be brought.

*See* 28 U.S.C. § 1391(b); E.D. Va. Loc. R. 3(C). And, § 1391(d) should be read as:

> [S]uch corporation shall be deemed to reside in any [division] . . . within which its contacts would be sufficient to subject it to personal jurisdiction if that [division] were a separate State, and, if there is no such [division], the corporation shall be deemed to reside in the [division] within which it has the most significant contacts.

*See* 28 U.S.C. § 1391(d); E.D. Va. Loc. R. 3(C).

### IV. DISCUSSION

The Court finds that the Norfolk Division is not the proper venue for this action, as none of the Defendants are residents of the Norfolk Division and the events or omissions that gave rise to the claim did not occur in the Norfolk Division. Since all Defendants are residents of the Alexandria Division, it is the proper venue.

**A. The Individual Defendants**

Plaintiff argues that Defendants are ignoring the plain language of § 1391. (Resp. Opp'n, ECF No. 14 at 2.) Despite having his attention drawn to Local Rule 3(C) by the Motion to

Dismiss or Transfer Venue and the Memorandum in Support of that motion, Plaintiff emphasizes that § 1391 clearly states "judicial district." (*Id.*)  This ignores the clear language of Local Rule 3(C) that calls for "judicial district" to be replaced with "division." E.D. Va. Loc. R. 3(C).  The only mention of Local Rule 3(C) made by Plaintiff is to note that the rule permits "the Clerk's Office in any division [to] accept for filing new complaints which . . . are in proper form." (Resp. Opp'n at 3 (quoting E.D. Va. Loc. R. 3(C)) (internal quotations omitted).)  A more complete reading of Local Rule 3(C) is instructive.  The rule states, "the Clerk's Office in any division shall accept for filing new complaints which, *venue excepted*, are in proper form. Such complaints shall be filed on the day submitted, deemed "filed" for all purposes, *and forwarded to the division where venue lies for further proceedings*." E.D. Va. Loc. R. 3(C) (emphasis added). Therefore, it is clear that venue is determined by division, not district.

      For the Individual Defendants, residence is straightforward.  A natural person's residency is determined by their domicile. 28 U.S.C. § 1391(c)(1).  Domicile is determined by physical presence and an intent to remain. *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) (citation omitted).  Both Individual Defendants live in Fairfax County and work for a company located in Fairfax County. (Mem. Supp. at 5.)  Plaintiff has not alleged any facts that would affect the Individual Defendants' place of residence or domicile.  As such, for venue purposes, the Individual Defendants reside in Fairfax County which is within the Alexandria Division.

      **B. The Business Defendants**

      Plaintiff claims that § 1391 "indicates that, having been created under the laws of the Commonwealth of Virginia, [the Business Defendants] are considered to reside in any judicial district within the Commonwealth." (Resp. Opp'n at 3.)  This contention is based on § 1391(d),

which states, "For purposes of venue . . . a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction." 28 U.S.C. § 1391(d). Plaintiff contends venue is proper since the Business Defendants are subject to jurisdiction in Norfolk. (ECF. No. 14 at 3.)

Once again, Plaintiff neglects to read § 1391 in light of Local Rule 3(C). Like § 1391(b)-(c), § 1391(d) should be read with "division" instead of "district." *See, e.g, Hughes*, 2020 WL 2201675 at *5 ("unless the Richmond Division, acting as its own state, can exercise personal jurisdiction over Defendant in this case, venue in this Division proves improper."); *Liverett v. Dyncorp International, LLC*, No. 3:17cv282, 2017 WL 9481048, at *2 (E.D. Va. July 18, 2017) ("A corporation resides in any division where its contacts would be sufficient to subject it to personal jurisdiction if that division existed as a separate district").

For purposes of venue, an unincorporated association, such as an LLC, is treated like a corporation. *See Denver & R. G. W. R. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 559-60 (1967). "[T]he residence of the association itself rather than that of its individual members"[2] determines the proper venue. *Id.* Defendants have alleged and Plaintiff has not disputed that each Business Defendant is headquartered in and has its principal place of business in Fairfax County. (Mem. Supp. Ex. A at 2; Mem. Supp. Ex. B at 2; *see* Resp. Opp'n at 2-3.) As such, for venue purposes, the Business Defendants reside in Fairfax County which is within the Alexandria Division.

---

[2] Even if the residence of the Business Defendants' members were used to determine the entities' residency, the Norfolk Division would not be the proper venue. Plaintiff has not alleged that the Business Defendants have members other than the Individual Defendants. (Compl. at 3.)

### C. Proper Venue[3]

The Court finds that the Norfolk Division is not the proper venue and that the Alexandria Division is the proper venue for this action. The Individual Defendants and the Business Defendants are residents of the Alexandria Division. Plaintiff has not alleged the occurrence of any events or omission in the Norfolk Division that would have given rise to this action. All relevant events that occurred in Virginia occurred in the Alexandria Division. Therefore, the case should be transferred to the Alexandria Division.

### D. Motion to Dismiss

Defendants' filing included a Motion to Dismiss. (ECF No. 11.) Given that Court has found venue to be improper and will grant the Motion to Transfer, the Court finds that the Motion to Dismiss is moot. Therefore, the Court will deny the Motion to Dismiss.

## V. CONCLUSION

For the foregoing reasons, the Court will grant in part and deny in part the Defendants' Motion to Dismiss or to Transfer Venue (ECF No. 11). The Court will grant the Motion to Transfer, deny the Defendant's Motion to Dismiss as moot, and will direct the Clerk to transfer this case of the Alexandria Division of the Eastern District of Virginia.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
Date: October 5, 2021

---

[3] Defendants have also based their motion on 28 U.S.C. § 1404, which allows for transfer of venue based on an "individualized case-by-case consideration of convenience and fairness." *Stewart Org. Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988). Given that the Norfolk Division is not a proper forum, this argument will not be addressed.